UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRISON HUMPHRIES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

Case No. 18-cv-12123

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [#14], ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#12], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff and Defendant's Cross-Motions for Summary Judgment. The Court referred this matter to Magistrate Judge Stephanie Dawkins Davis, who issued a Report and Recommendation on June 25, 2019 Granting Defendant's Motion and Denying Plaintiff's Motion. Dkt. No. 13. Plaintiff has filed a timely Objection to that Report and Recommendation. Dkt. No. 14.

Present before the Court is Plaintiff's Objection to Magistrate Judge Davis' Report and Recommendation. For the reasons set forth below, the Court will

OVERRULE Plaintiff's Objection [#14], ACCEPT and ADOPT the Report and Recommendation [#13], GRANT Defendant's Motion for Summary Judgment [#12], and DENY Plaintiff's Motion for Summary Judgment [#11].

## II. BACKGROUND

Magistrate Judge Davis' Report and Recommendation sets forth the relevant background in this case. The Court will adopt those findings here:

> Humphries filed an application for a period of disability, disability insurance benefits, and supplemental security income on November 10, 2014, alleging disability beginning on April 1, 2007. The claims were initially disapproved by the Commissioner on February 19, 2016. Humphries requested a hearing and on June 27, 2017, he appeared with counsel before Administrative Law Judge ("ALJ") J. William Callahan, who considered the case *de novo*. In a decision dated November 20, 2017, the ALJ found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on May 31, 2018, denied plaintiff's request for review.

Dkt. No. 13, p. 2 (Pg. ID 775) (internal citations omitted).

Magistrate Judge Davis then went on to summarize the ALJ's findings as follows:

> Humphries, born July 7, 1982, was 24 years old on the alleged disability onset date. His date last insured is December 31, 2007. He attended school through 11th grade and has past relevant work as a machine feeder, groundskeeper, child monitor/babysitter, and odd job worker. Humphries was injured in a car accident in April 2006, which resulted in hip replacement surgery. He was involved in a second car accident in 2009.
>
> The ALJ applied the five-step disability analysis and found at step one that Humphries had not engaged in substantial gainful activity since April 1, 2007, the alleged onset date. At step two, the ALJ found that Humphries' left acetabular fracture status post open reduction internal fixation, history of

L5 plexopathy, morbid obesity, history of traumatic brain injury with loss of consciousness, diabetes mellitus type II, and generalized anxiety disorder were "severe" within the meaning of the second sequential step. However, at step three, the ALJ found no evidence that plaintiff's impairments singly or in combination met or medically equaled one of the listings in the regulations.

Thereafter, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except maximum lifting and carrying of 5 pounds in one hand; maximum standing of 15 minutes at a time; not able to climb ladders, ropes, or scaffolds; not able to climb ramps or stairs; only occasionally able to balance or stoop; not capable of kneeling or crawling; only incidentally being able to crouch, meaning one time per hour for one minute; no manipulative, visual or communication limitations; must avoid and cannot be exposed to hazards such as unprotected heights, fast moving, sharp surfaces or objects or fast moving, heavy machinery; capable of occasional driving; he is limited to unskilled work with only occasional interaction with the general public and frequent interaction with coworkers; might be off task 10% of the day in addition to regular breaks and may miss one day per month for valid reasons.

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ denied plaintiff benefits because he found that there were jobs that exist in significant numbers in the national economy that plaintiff can perform.

*Id.* at pp. 3-4 (Pg. ID 776-77).

### III. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district

court's review is restricted solely to determining whether the 'Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

### IV. DISCUSSION

Plaintiff raises two objections to Magistrate Judge Davis' June 25, 2019 Report and Recommendation. First, Plaintiff asserts that Magistrate Judge Davis erred in finding that the ALJ's decision was supported by substantial evidence.

Second, Plaintiff contends that Magistrate Judge Davis erred when she determined that the ALJ properly evaluated and considered the side effects of his medications. The Court will address each of these objections, more in depth, below.

### A. Magistrate Judge Davis did not Err in Concluding that the ALJ's Decision was Supported by Substantial Evidence.

In his first objection, Plaintiff suggests that the ALJ made two erroneous findings that were overlooked by Magistrate Judge Davis. First, Plaintiff maintains that "medical documentation" and his own "testimony" support the conclusion that "he would be off task more than 20% of the work day, making it impossible for him to sustain work." *See* Dkt. No. 14, p. 4 (Pg. ID 805). As such, he argues that the ALJ's finding that he might only be off task for 10% of any given work day was an insufficient estimate. Fatal to this argument, however, Plaintiff fails to point to any specific "medical documentation" or "testimony" in the record that would support his assertion. Hence, Plaintiff's position lacks merit.

Second, Plaintiff argues that the ALJ, in concluding Plaintiff was not disabled, failed to consider his need to elevate his feet throughout the day and utilize an assistive device when walking. In his brief, Plaintiff highlights the fact that he suffers from a wide array of foot problems, including rashes, sores, swelling, and excess fluid, all of which require him to elevate his feet 16 to 17 hours out of the day. *Id.* He also notes that he has been prescribed a cane to help him walk and stand. *Id.*

The ALJ considered Plaintiff's testimony regarding his foot pain, but emphasized that there was no evidence in the record of him ever receiving treatment for this pain. *See* Dkt. No. 7-2, p. 23 (Pg. ID 54). Moreover, with respect to the swelling, Plaintiff acknowledged that there were no supporting records, but claimed this was because he had only recently begun seeing an internal medicine specialist. *See id.* The ALJ concluded that "[a]s for the claimant's statements about the intensity, persistence and limiting effects of his symptoms, they are inconsistent because the record does not reveal treatment commensurate with the limitations alleged by the claimant." *See id.* at p. 24 (Pg. ID 55). In the absence of any objective medical evidence supporting his complaints, the ALJ was well within his discretion to discount Plaintiff's testimony. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007) ("[W]hile credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence.").

Similarly, concerning Plaintiff's required use of a cane, the ALJ rejected this notion after referencing several instances in the record demonstrating that Plaintiff could walk without one. *See* Dkt. No. 7-2, p. 24 (Pg. ID 55) ("Yet more recent references (June 22, 2017[;] May 23, 2017[;] March 22, 2017[;] February 22, 2017[;] January 23, 2017[;] and November 22, 2016) [in] the record show[] the

claimant was not using a cane, walker, or assistive device."); *Sparrow*, 2016 WL 1658305, at *1 ("If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.") (internal quotations omitted). But even if the ALJ had erred in this finding, Magistrate Judge Davis correctly concluded that this would constitute a harmless error. The reason being, the vocational expert testified that there were a significant number of available jobs that Plaintiff could still perform even while using a cane. *See* Dkt. No. 13, p. 24 (Pg. ID 797); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004) ("[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or *deprived of substantial rights because of the agency's procedural lapses*."). Accordingly, the Court will Overrule Plaintiff's Objection #1.

### B. Magistrate Judge Davis did not Err in Determining that the ALJ Properly Evaluated and Considered the Side Effects of Plaintiff's Medications.

Plaintiff's second objection claims Magistrate Judge Davis erred in determining that the ALJ properly evaluated and considered the side effects of his medications. The Court will disagree.

Citing the Sixth Circuit's opinion in *Farhat v. Secretary of Health and Human Services*, 1992 WL 174540, at *3 (6th Cir, July 24, 1992) (unpublished), Magistrate Judge Davis' Report and Recommendation explicitly stated that "a claimant asserting debilitating medicinal side effects must present objective medical evidence to support his claim." *See* Dkt. No. 13, p. 25 (Pg. ID 798). Because Plaintiff failed to present any such evidence at his hearing, Magistrate Judge Davis concluded that the ALJ did not err in finding Plaintiff capable of performing sedentary work. Even now, Plaintiff does not point to any objective medical evidence in the record to support his claim of debilitating side effects. *See Farhat*, 1992 WL 174540, at *3 ("[Plaintiff's] allegations of the medication's side-effects must be supported by objective medical evidence."). Accordingly, Plaintiff's Objection #2 will also be Overruled.

## V. Conclusion

For the reasons stated herein, the Court will OVERRULE Plaintiff's Objection [#14] to Magistrate Judge Davis' June 25, 2019 Report and Recommendation. After reviewing the remainder of the Report and Recommendation, the Court concludes that Magistrate Judge Davis reached the correct decision. Hence, the Court ACCEPTS and ADOPTS the Report and Recommendation [#13] as this Court's findings of fact and conclusions of law,

GRANTS Defendant's Motion for Summary Judgment [#12], and DENIES Plaintiff's Motion for Summary Judgment [#11].

IT IS SO ORDERED.

Dated: July 18, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 18, 2019, by electronic and/or ordinary mail.

                                                  s/Teresa McGovern
                                                  Case Manager